UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RIVER PARISH CONTRACTORS, INC.　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO: 22-cv-723

BLACK DIAMOND CAPITAL
MANAGEMENT, LLC.　　　　　　　　　　　　　　SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 10 )** filed by the defendant, Black Diamond Capital Management, LLC ("Black Diamond"). Plaintiff opposes the motion. The motion, submitted for consideration on May 23, 2022, is before the Court on the briefs without oral argument.

Plaintiff filed this action to recover from promises allegedly made to it in late 2018, arising from actions that a subsidiary of Black Diamond named Bayou Steel made prior to Bayou Steel's bankruptcy filing in October of 2019. Bayou Steel owned and operated a steel mill in Laplace, Louisiana. Bayou Steel would routinely contract Plaintiff to provide services at the Laplace facility. At some point in 2016, Black Diamond allegedly took an enhanced level of control over the operations of Bayou Steel. In 2018, Plaintiff was asked to provide turnaround services at the Laplace site by the purchasing manager at Bayou Steel. Plaintiff was never paid for that turnaround service. Bayou Steel filed for bankruptcy in September of 2019, which lead Plaintiff to file this action.

Defendant's motion to dismiss for failure to state a claim argues that the promise to pay Bayou Steel's debts was not made by Black Diamond employees, or by employees who were under the control or operation of Black Diamond at the time they made the promise to pay.

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id.* at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In a 12(b)(6) analysis, the Court must view the facts in a light most favorable to the Plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007). Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process.

Here, Defendant's motion requires the Court to determine facts that are not suitable to be decided at this point in the lawsuit. The Court declines to partake in a fact-intensive vicarious liability analysis of which witnesses had the authority to speak for Black Diamond or Bayou Steel or whether Bayou Steel was fully operated by Black Diamond. Instead, the Court must look to the four corners of the complaint to determine if Plaintiff's allegations *could* be factually possible. Viewed in a light most favorable to the Plaintiff, this Court concludes these allegations state a plausible claim for relief.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 10)** filed by Defendant, Black Diamond Capital Management, is **DENIED**.

September 28, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE